Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6979 | **DATE** | 11/1/2001 |
| **CASE TITLE** | McNally Tunneling vs. City of Evanston | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiff McNally's Motion to Compel Production of Documents Related to Other Phases of Project [81-1] is granted in part and denied in part. Parties to notify courtroom deputy of date agreed to by parties to schedule settlement conference from the possible dates given in open court.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | NOV 13 2001 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 95 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| | KMc | courtroom deputy's initials | 01 NOV -9 PM 3:25 Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| McNALLY TUNNELING CORPORATION, an Illinois corporation<br><br>Plaintiff,<br><br>v.<br><br>CITY OF EVANSTON, ILLINOIS,<br><br>Defendant. | No. 00 C 6979<br><br>Chief Judge Marvin E. Aspen<br>Magistrate Judge Nan R. Nolan |

DOCKETED
NOV 13 2001

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff McNally Tunneling Corporation's ("McNally") Motion to Compel Production of Documents Related to Other Phases of Project (Docket Entry #81). Defendant City of Evanston ("Evanston") opposes the motion, arguing that the discovery sought is unreasonably duplicative, obtainable from a more convenient source, or unduly burdensome. For the following reasons, this Court grants McNally's motion to the extent it seeks production of documents relating to (1) Evanston's investigation of soil conditions on land adjacent to the Phase VI-A work area, and (2) other contractors' claims for equitable adjustments under contract provisions identical to the equitable-adjustment provision in the Evanston-McNally contract. This Court denies McNally's motion to the extent it seeks production of documents relating to (1) Phase VI-B rebids, (2) the dispute and settlement between Evanston and Szabo Contracting ("Szabo"), and (3) the court order prohibiting the commencement of work on Phase VI-B.

### BACKGROUND

Evanston contracted with McNally to provide services in connection with one phase—Phase VI-A—of a $16 million sewer project. The project was delayed when McNally encountered boulders

and other subsurface obstructions. Pursuant to a contract provision permitting equitable adjustments of contract terms, McNally sought increases in the terms regarding compensation and time allotted for completion. Evanston refused. McNally filed suit alleging that Evanston misrepresented the subsurface conditions during contract negotiations and breached the contract when it unreasonably denied McNally's requests for equitable adjustments. McNally also alleges that Evanston interfered with McNally's performance of the contract, e.g., McNally claims that Evanston did not permit McNally to hire Szabo as a subcontractor. Evanston counterclaimed, alleging that McNally's failure to complete Phase VI-A in a timely manner delayed work on Phase VI-B of the project.

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Discoverable information is not limited to that which would be admissible at trial. Information is relevant for purposes of Rule 26 "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, Rule 26 is not without limits. A court can limit discovery if it determines, among other things, that the discovery is (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2). As one would expect, McNally—the party seeking discovery—focuses on the broad language in subsection (b)(1) and Evanston—the party opposing discovery—relies on the limiting language in subsection (b)(2). This Court has broad discretion to decide which party is correct. *See Packman v. Chicago Tribune Co.*, __ F.3d __, No. 01-1016, 2001 WL 1158990, at *14 (7th Cir. Sept. 27, 2001) (district court has broad discretion whether to grant or deny motion to compel).

McNally seeks production of documents relating to (1) Phase VI-B rebids; (2) the dispute and settlement between Evanston and Szabo; (3) the court order staying the commencement of work on Phase VI-B; (4) Evanston's investigation of soil conditions on land adjacent to the Phase VI-A work area; and (5) other contractor's claims for adjustments of contract terms under equitable-adjustment provisions identical to the provision contained in the Evanston-McNally contract.

1. Phase VI-B Rebid Documents

McNally seeks production of the Phase VI-B rebid documents. McNally alleges that Evanston failed to disclose the likelihood that McNally would encounter adverse subsurface conditions during Phase VI-A. According to McNally, Evanston revised the contracts for the next phase of the project—Phase VI-B—to warn contractors of the possibility of encountering boulders and other subsurface obstructions. Furthermore, McNally claims that Evanston admitted that "the knowledge and information they used to revise the VI-B documents, existed . . . in September 1998," the same month McNally submitted its bid on Phase VI-A and approximately six months before Evanston and McNally signed their contract. This Court agrees with McNally that the Phase VI-B rebid documents are discoverable. Evanston states, however, that it has already produced "all contract and bid documents" for Phase VI-B. Accordingly, this Court denies this portion of McNally's motion subject to the condition that Evanston identify within ten days from the date of this order the Phase VI-B rebid documents previously provided to McNally. If Evanston fails to identify these documents, Evanston must produce the Phase VI-B rebid documents to McNally within fourteen days from the date of this order.

## 2. Documents Relating to the Dispute and Settlement Between Evanston and Szabo

McNally seeks production of all documents pertaining to the dispute and settlement between Evanston and Szabo. Evanston hired Szabo to work on Phase V-B of the project—the phase immediately prior to the phase McNally worked on. A dispute arose and Evanston and Szabo submitted their dispute to arbitration. McNally alleges that while the arbitration was pending Evanston rejected McNally's choice of Szabo as a subcontractor. McNally believes that the Evanston-Szabo arbitration documents are related in some way to Evanston's decision to veto McNally's choice of Szabo as a subcontractor.

A party seeking documents must articulate why the requested documents are discoverable, i.e., why the requested documents are relevant for purposes of Rule 26. McNally devotes just seven sentences to this section of its motion—only two of which state any connection between the requested documents and the present suit and then only in the most conclusory fashion. For example, McNally states that "[McNally's] breach of contract and bad faith claims against [Evanston] relate, in part, to delays caused by [Evanston's] treatment of [McNally] because of [McNally's] stated intention to employ Szabo as a subcontractor." This Court finds that McNally's motion fails to establish that every document relating to Evanston's dispute and settlement with Szabo is discoverable. Moreover, McNally's brief treatment of this issue provides this Court with no guidance as to how this request could be narrowed. Accordingly, this portion of McNally's motion is denied.

### 3. Court Order Prohibiting Construction of Phase VI-B

Evanston's counterclaim asserts that McNally's failure to complete Phase VI-A in a timely manner delayed Phase VI-B. According to McNally, however, in an unrelated proceeding, a court stayed the commencement of work on Phase VI-B pending resolution of a bid dispute between two contractors. McNally contends that the court order, not any action or inaction by McNally, is the reason PhaseVI-B was delayed. McNally seeks the court order and any "records relating to the bid dispute." There are two problems with this McNally's request. First, it is overly broad. If McNally wants to establish that a court order stayed the commencement of work on Phase VI-B then all it needs is the court order. McNally has made no showing why the related bid-dispute records are also discoverable. Second, because the court order is a public document, McNally does not need Evanston to produce the document; McNally can get the order itself. Furthermore, to the extent that McNally seeks other portions of the pleadings, it is more convenient for McNally to examine the court file itself than for Evanston to guess which pleadings McNally would like produced. *See* Fed. R. Civ. P. 26(b)(2)(ii). Accordingly, this portion of McNally's motion is denied.

### 4. Soil Investigation Report

McNally's complaint alleges that Evanston misrepresented the likelihood that McNally would encounter difficult subsurface conditions on Phase VI-A of the project. During a deposition, an Evanston witness stated that approximately one year before McNally's work on Phase VI-A began Evanston took a 36-inch water main out of service on land adjacent to the Phase VI-A work area. At that time, Evanston conducted an investigation of the soil conditions on the adjacent parcel of land. McNally seeks production of documents relating to that investigation. Evanston stresses that the investigation did not "include[] subsurface obstructions or other soil conditions related to

tunneling or sewer construction." In an adversarial system, however, McNally has the right to examine the relevant documents itself; McNally does not have to take Evanston's word that the soil investigation documents contain no useful information. This Court finds that McNally has established that documents related to Evanston's soil investigation are discoverable. Accordingly, this portion of McNally's motion is granted. Evanston must produce within ten days from the date of this order all documents relating to Evanston's investigation of soil conditions on the parcel of land adjacent to the Phase VI-A work area, i.e., the investigation Evanston performed when it took the 36-inch water main out of service.

## 5. Contract Documents Relating to Other Phases of the Project

The Evanston-McNally contract contains a provision permitting equitable adjustments of contract terms based on changed conditions. McNally believes that Evanston's contracts with other contractors on the sewer project contain identical provisions. In its complaint, McNally alleges that Evanston unfairly refused to adjust the terms of the contract when McNally encountered subsurface obstructions. McNally also claims that Evanston granted other contractors' claims for equitable adjustments of contract terms. McNally seeks production of documents relating to the other contractors' claims for equitable adjustments. Under Illinois contract law, parties are permitted to use extrinsic evidence—including evidence of course of performance, course of dealing and industry-wide customs or trade usage—to clarify the meaning of ambiguous contract terms. *Protective Ins. Co. v. Montgomery Tank Lines, Inc.*, no. 89 C 2793, 1989 WL 165113, at *3 (N.D. Ill. Dec. 28, 1989) (granting motion to compel production of other similar contracts). For purposes of discovery, this Court must assume that McNally's argument regarding the ambiguity of the contract has merit. Accordingly, Evanston's interpretations of identical equitable-adjustment

provisions in other contracts are relevant to the reasonableness of its interpretation of the equitable-adjustment provision in the Evanston-McNally contract.

Evanston argues that McNally's request is overly broad because McNally has not identified what other types of claims it deems relevant to the suit. Evanston notes that it has already produced all documents relating to any claim of sub-surface conditions in past phases of the project. This Court disagrees. McNally seeks only those documents relating to "determinations by [Evanston] with respect to other subcontractors for differing and changed conditions <u>under contract provisions identical to those at issue in this case</u>." (emphasis in original). Accordingly, this portion of McNally's motion is granted.

## CONCLUSION

McNally's motion to is granted to the extent it seeks production of documents relating to (1) Evanston's investigation of soil conditions on land adjacent to the Phase VI-A work area, and (2) other contractors' claims for equitable adjustments under contract provisions identical to the equitable adjustment provision in the Evanston-McNally contract. Evanston must produce these documents within ten days from the date of this order. McNally's motion is denied to the extent it seeks production of documents relating to (1) the dispute and settlement between Evanston and Szabo, and (2) the court order prohibiting the commencement of Phase VI-B. Finally, the portion of McNally's motion seeking production of the Phase VI-B rebid documents is denied subject to the condition that Evanston identify within ten days from the date of this order the Phase VI-B rebid documents previously provided to McNally. If Evanston fails to identify these documents, Evanston must produce the Phase VI-B rebid documents to McNally within fourteen days from the date of this order.

ENTER:

_Nan R. Nolan_

Nan R. Nolan

United States Magistrate Judge

Dated: NOV 0 1 2001