Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6979 | **DATE** | 1/11/2002 |
| **CASE TITLE** | McNally Tunneling vs. Evanston, Il, City | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held and continued to 2/14/2002 at 10:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's emergency motion to compel Edward Cording to answer deposition questions and produce documents is granted in part and denied in part as stated in memorandum order and opinion. Enter memorandum order and opinion. The plaintiff is to file it's motion to compel by 1/18/01. Defendant's response is due by 1/25/02. Plaintiff's reply is due by 1/30/02. Ruling by mail.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JAN 14 2002 date docketed | |
| ✓ | Docketing to mail notices. | | 121 |
| | Mail AO 450 form. | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| mm | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| McNALLY TUNNELING CORPORATION, ) | **DOCKETED** |
| Plaintiff, ) | JAN 1 4 2002 |
| ) | |
| v. ) | No. 00 C 6979 |
| ) | |
| CITY OF EVANSTON, ILLINOIS, ) | Chief Judge Marvin E. Aspen |
| ) | Magistrate Judge Nan R. Nolan |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant City of Evanston's ("Evanston") Emergency Motion to Compel Edward Cording to Answer Deposition Questions and Produce Documents (Docket Entry #117). During Dr. Cording's deposition, counsel for plaintiff McNally Tunneling Corporation ("McNally") objected to numerous questions posed by Evanston's attorney based on the "consulting expert" privilege. On the advice of counsel, Dr. Cording refused to answer those questions. Evanston's motion seeks an order compelling Dr. Cording (1) to answer the deposition questions he refused to answer, and (2) to produce documents he failed to produce at his deposition. McNally opposes the motion arguing that (1) Evanston's deposition questions improperly sought information protected by the "consulting expert" privilege, and (2) Evanston is not entitled to the requested documents for four reasons: (i) Evanston failed to properly serve Dr. Cording with a request for the documents, (ii) McNally already produced the documents, (iii) McNally does not have the documents, and (iv) it would be unduly burdensome to require McNally to produce the documents. For the following reasons, Evanston's motion is GRANTED IN PART and DENIED IN PART.

**Discussion**

Evanston hired McNally to provide services in connection with two phases—Phase I and Phase VI-A—of a multi-million dollar sewer project. McNally completed its work on Phase I sometime in the early to mid-1990s. McNally began its work on Phase VI-A in the late 1990s. McNally hired Dr. Edward Cording, a professor of civil engineering at the University of Illinois, to provide geotechnical consulting services on both Phase I and Phase VI-A. McNally asserts that Dr. Cording also preformed consulting services for purposes of this litigation. At Dr. Cording's deposition, McNally's counsel objected to numerous questions based on the "consulting expert" privilege. On the advice of counsel, Dr. Cording refused to answer those questions.

**I. Motion to Compel Answers to Deposition Questions**

Evanston seeks an order compelling Dr. Cording to answer questions that he refused to answer at his deposition. McNally contends that Evanston is not entitled to answers to those questions because the questions seek information protected by the "consulting expert" privilege. McNally's claim of privilege is based on Federal Rule of Civil Procedure 26(b)(4)(B), which states:

> A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(B). McNally argues that it retained Dr. Cording as a non-testifying expert in anticipation of litigation. Evanston's position is that McNally has made no showing that it hired Dr. Cording as a non-testifying litigation expert and that, even if Dr. Cording has been retained in that capacity, Rule 26(b)(4)(B) does not prevent the discovery of facts known to Dr. Cording and the

opinions he formed as a geotechnical consultant on the sewer project.[1] It is undisputed that Dr. Cording provided geotechnical consulting services to McNally years before anyone anticipated this litigation. The critical issue is whether McNally subsequently retained Dr. Cording as a litigation consultant. For the following reasons, this Court concludes that McNally has not established that Rule 26(b)(4)(B) applies to Dr. Cording.

A party that refuses to disclose information based on a claim of privilege bears the burden of establishing that the privilege applies. *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000) (attorney-client privilege); *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000) (work product doctrine). In the context of a party's claim that certain information is protected from disclosure under Rule 26(b)(4)(B), the party seeking protection of that rule must establish that the expert was retained for litigation purposes. *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 0509, 2001 WL 845468, at *2 (N.D. Ill. July 25, 2001); *In re Painted Aluminum Products Antitrust Litigation*, No. 95-CV-6557, 1996 WL 397472, at *1 (E.D. Pa. July 9, 1996); *Santos v. Rando Machine Corp.*, 151 F.R.D. 19 (D. R.I. 1993); *United States v. 215.7 Acres of Land in Kent County, Del.*, 719 F. Supp. 273, 279 (D. Del. 1989). To establish that Dr. Cording was retained for purposes of this litigation, McNally relies solely upon the following two excerpts from Dr. Cording's deposition:

---

[1] Evanston does not argue that, in the event this Court determines Dr. Cording qualifies as a non-testifying expert, Rule 35(b) applies or that exceptional circumstances exist.

-3-

Excerpt 1

Question: When were you retained as a consulting expert in this case?

Answer: There is no — I don't have any formal date in which I've been retained as an expert.

Question: Do you have any written agreement between you and the law firm of Frantz Ward or Mr. Frank individually, Mr. Natale individually, retaining your services as a consulting expert?

Answer: No.

Question: Have you billed the law firm of Frantz Ward or Mr. Frank or Mr. Natale for expert consulting services in this case?

Answer: No.

Question: Have you received payment from Frantz Ward, Mr. Natale, or Mr. Frank for expert consulting services in this case?

Answer: No.

Question: Have the consulting services that you have provided with regard to this matter been billed to McNally Tunneling Corporation?

Answer: Could you define this matter?

Question: This lawsuit.

Answer: No.

(Evanston's Emergency Motion, Exhibit #1 at 30-31).

Excerpt 2

> Question: But you have no agreement you testified earlier with Ian Frank's firm, correct?
>
> Mr. Frank: Objection, form.
>
> Question: Correct?
>
> Mr. Frank: Objection, form.
>
> Answer: I have — I do not have a written agreement, but I am — basically I have agreed to provide services for them as an expert consultant if they so desire that.

(Evanston's Emergency Motion, Exhibit #2 at 233). McNally presents no additional evidence that it hired Dr. Cording as a litigation consultant. A Rule 26(b)(4)(B) determination is highly fact specific. The court must determine whether the non-testifying expert was retained "in anticipation of litigation or preparation for trial." Fed. R. Civ. P. 26(b)(4)(B). In situations where the expert provided services unrelated to the litigation, the court must also decide whether the requested discovery seeks information related solely to the expert's litigation services or whether it seeks information related to the expert's non-litigation work. In this case, there is no evidence specifying when Dr. Cording was hired or the scope and nature of his employment in relation to this lawsuit. Based on the evidence presented, this Court concludes that McNally has not established that it hired Dr. Cording as a non-testifying litigation consultant. *See In re Painted Aluminum Products Antitrust Litigation*, 1996 WL 397472, at *2 (denying claim of privilege under Rule 26(b)(4)(B) based on party's failure to present sufficient evidence that it hired the expert in anticipation of litigation). Accordingly, Evanston's motion is granted to the extent it seeks an order compelling Dr. Cording

to answer deposition questions. Evanston is entitled to conduct a second deposition of Dr. Cording. The deposition shall be limited to those areas of Dr. Cording's previous deposition in which Dr. Cording refused to answer questions.

## II. Motion to Compel Production of Documents

Evanston also seeks an order compelling the production of nine categories of documents which it subpoenaed from Dr. Cording. As an initial matter, McNally contends that Evanston is not entitled to certain categories of documents because the November 20 subpoena requesting those documents was never properly served. In August 2001, Evanston sent directly to Dr. Cording a subpoena requesting documents. (Evanston's Emergency Motion, Exhibit #11). In two subsequent letters to Evanston's counsel, dated October 16 and October 23, McNally's counsel agreed to accept service of the subpoena for Dr. Cording's November 30 deposition. Specifically, the two letters state that McNally "agree[s] to accept service of the subpoena for Dr. Cording's deposition in order to alleviate the cost of serving Dr. Cording," and "please provide [McNally's counsel] with a copy of the subpoena for Dr. Cording's deposition." (Evanston's Reply, Exhibits #1 and #2). Pursuant to this agreement, on November 16, Evanston sent McNally's counsel a subpoena requesting Dr. Cording to appear at the Holiday Inn located in Urbana, Illinois for his November 30 deposition. (Evanston's Emergency Motion, Exhibit #2). Evanston claims that it inadvertently failed to attach a document-request rider to the November 16 subpoena. To remedy this oversight, on November 20, Evanston sent McNally's counsel a supplemental subpoena requesting Dr. Cording to bring certain documents to the Urbana, Illinois Holiday Inn on November 30. (Evanston's Emergency Motion, Exhibit #12). Dr. Cording appeared on November 30 for his deposition but he did not bring the requested documents. On December 4, Evanston sent a letter to McNally requesting the

documents that Dr. Cording failed to produce. (Evanston's Emergency Motion, Exhibit #13). In a December 7 letter, McNally responded that it never agreed to accept service of the November 20 supplemental subpoena. (Evanston's Emergency Motion, Exhibit #14).

After examining the parties' letters and the subpoenas, this Court concludes that McNally agreed to accept service of the November 16 subpoena and the November 20 supplemental subpoena. Because Evanston sent the November 16 subpoena and the November 20 supplemental subpoena within a four-day period and because both specifically reference Dr. Cording's November 30 deposition at the Urbana, Illinois Holiday Inn, this Court rejects McNally's improper service argument. This Court now turns to the parties' arguments regarding the nine categories of documents.

1. Dr. Cording's Invoices for Phases I and VI-A of the Sewer Project

Evanston seeks all of Dr. Cording's invoices for Phase I and Phase VI-A of the sewer project. McNally responds that Dr. Cording located additional invoices for Phase VI-A and that it will produce those invoices. This Court assumes that McNally's response means that Dr. Cording did not locate any additional invoices for Phase I. Accordingly, Evanston's motion is granted to the extent it seeks production of the additional Phase VI-A invoices located by Dr. Cording.

2. Dr. Cording's Index of Previous Consulting Projects

Evanston seeks production of an index listing all of the projects Dr. Cording has worked on in his career. McNally objects based on the burdensomeness of the request. However, Dr. Cording testified at his deposition that he maintains such an index. (Evanston's Emergency Motion, Exhibit #1 at 79-80). Therefore, this Court concludes that McNally has not established that producing this

index would be unduly burdensome. Accordingly, Evanston's motion is granted to the extent it seeks production of this index.

### 3. Page One of Defendant's Deposition Exhibit #184

Evanston seeks production of page one of a letter Dr. Cording sent to McNally employee Jim Davis (Evanston's Emergency Motion, Exhibit #3). Evanston believes that there is a missing page because the first page of the typed letter contains a handwritten "2" in the upper right-hand corner. McNally asserts that exhibit #184 does not contain a page one. Dr. Cording testified at his deposition that he did not recall an additional page and that the most likely explanation was that, because the letter had been transmitted by facsimile, the "missing" page was a cover page. (Evanston's Emergency Motion, Exhibit #2 at 151-52). After examining the document, this Court concludes that the letter is complete—there is no missing page. Accordingly, Evanston's motion is denied to the extent it seeks production of page one of defendant's deposition exhibit #184.

### 4. Soil Condition Profile

Evanston seeks production of the soil condition profile referenced in defendant's deposition exhibit #184 (Exhibit #184 is the Dr. Cording letter described in the preceding section). McNally contends that it already produced this document. Accordingly, Evanston's motion is denied to the extent is seeks production of the soil condition profile referenced in defendant's deposition exhibit #184.

### 5. Dr. Cording's Computerized Calender

Evanston seeks production of Dr. Cording's computerized calender—a document in which Dr. Cording recorded each visit he made to the project site. McNally argues that Evanston never requested this document. This Court concludes that Evanston requested this document when it asked

for any "field notes" relating to Dr. Cording's services on the project. (Evanston's Emergency Motion, Exhibit #11 at 6). Accordingly, Evanston's motion is granted to the extent it seeks production of Dr. Cording's computerized calendar.

6. Dr. Cording's E-mails Relating to his (Non-Litigation) Consulting Work for McNally

Evanston seeks production of any e-mails transmitted or received by Dr. Cording relating to his (non-litigation) consulting work for McNally. McNally responds that no such e-mails exist. Accordingly, Evanston's motion is denied to the extent it seeks production of these e-mails.

7. All Non-Privileged Correspondence Between Dr. Cording and McNally's Attorneys

Evanston seeks production of all non-privileged correspondence between Dr. Cording and McNally's attorneys. McNally responds that no such correspondence exists. Accordingly, Evanston's motion is denied to the extent it seeks production of such correspondence.

8. Privilege Log of All Documents Withheld from Dr. Cording's Document Production.

Evanston seeks production of a privilege log of all documents that McNally withheld from Dr. Cording's document production. Evanston is entitled to a privilege log. Fed. R. Civ. P. 45(d)(2); *In re Grand Jury Subpoena*, __ F.3d __, No. 01-1975, 2001 WL 1356363 (1st Cir. Nov. 8, 2001). Accordingly, Evanston's motion is granted to the extent it seeks production of the above-described privilege log.

## Conclusion

This Court grants Evanston's motion to the extent it seeks an order compelling Dr. Cording to answer deposition questions. This Court also grants Evanston's motion to the extent it seeks production of (1) Dr. Cording's additional Phase VI-A invoices; (2) Dr. Cording's index of previous projects; (3) Dr. Cording's computerized calendar; and (4) a privilege log of all documents withheld

-9-

from Dr. Cording's document production. This Court denies Evanston's motion to the extent it seeks production of (1) additional Phase I invoices; (2) page one of defendant's deposition exhibit #184; (3) the soil condition profile referenced in defendant's deposition exhibit #184; (4) Dr. Cording's e-mails relating to his (non-litigation) consulting work for McNally; or (5) non-privileged correspondence between Dr. Cording and McNally's attorneys. McNally must submit an affidavit from Dr. Cording stating that: (1) he searched his files and did not locate any additional invoices for his consulting work relating to Phase I; and (2) he searched his files and his computer and did not locate any e-mails transmitted or received by himself relating to his (non-litigation) consulting work for McNally. Additionally, McNally must submit an affidavit stating that it has already produced the soil condition profile referenced in defendant's deposition exhibit #184. McNally must also provide Evanston with a privilege log listing all of the documents withheld from Dr. Cording's document production. McNally must submit its affidavits and produce documents and a privilege log by January 25, 2002. Finally, McNally must make Dr. Cording available for a deposition covering those areas from Dr. Cording's previous deposition in which he refused to answer questions.

ENTER:

Nan R. Nolan
United States Magistrate Judge

Dated: Jan. 11 2002