# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6979 | **DATE** | 2/26/2002 |
| **CASE TITLE** | NcNally Tunneling Corp vs. City of Evanston, Illinois | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated, the Court denies plaintiff's motion for recusal.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| ✓ | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | FEB 28 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 152 |
| | Copy to judge/magistrate judge. | | | |
| TP | courtroom deputy's initials | | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| McNALLY TUNNELING CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 00 C 6979 |
| ) | |
| CITY OF EVANSTON, ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

DOCKETED
FEB 2 8 2002

ORDER

MATTHEW F. KENNELLY, District Judge:

This case was recently reassigned to my docket in return for another case in which I had recused myself. The case concerns a contract between the plaintiff, McNally Tunneling Corp., and the defendant, the City of Evanston, relating to a sewer project. McNally has sued to recover certain allegedly unexpected costs that it incurred during construction.

After the case was assigned to my docket, I advised counsel that I have resided in Evanston (a city of around 75,000 residents) for approximately 20 years and that my wife is a part-time employee of the Evanston Public Library (an agency of the City of Evanston) who works at the Library's main facility. Without taking a position on whether either or both of these facts required recusal, I asked the parties to advise me of their views on the subject. McNally has filed a motion for recusal, which Evanston opposes.

McNally says that Evanston's attorney's fees for defending this litigation are and will be significant and that the City potentially faces a damage award of around $10 million if McNally prevails in the case. It cites newspaper articles which state that Evanston currently is

experiencing budgetary problems, partly as a result of the attorney's fees paid to date in this case, which McNally believes (based on press reports) total around $1 million to date.[1] The City's proposed budget for the upcoming fiscal year totals $138 million, and press reports indicate a projected deficit in the current year of $3.7 million. According to press reports, at one point in time, the City Manager proposed to close this gap by means of a series of budget cuts, including eliminating some 27 full-time City jobs and a summer youth employment program, and closing two branch libraries, and some revenue-raising measures, including a 1% food and beverage tax and increases in parking fines.

McNally contends that based on these facts, the litigation, and the decisions made in the litigation, "will ... have a material financial impact on the City of Evanston and its citizens" and that there is "at least the potential" that my wife's employment could be affected by the case. It argues that based on these factors, recusal is mandated by 28 U.S.C. §455(b)(4), which requires recusal when a judge knows that he, his spouse, or someone else residing in his household, has an "interest that could be substantially affected by the outcome of the proceeding," or alternatively under §455(a), on the grounds that my impartiality reasonably could be questioned.

The fact that I reside in Evanston is not a basis for recusal. *See Sewer Alert Committee v. Pierce County,* 791 F.2d 796, 798 (9th Cir. 1986); *In re City of Houston,* 745 F.2d 925, 929-30 (5th Cir. 1984). *Cf. Diamondstone v. Macaluso,* 148 F.3d 113, 120 (2d Cir. 1998). Several of the judges in this Court live in the City of Chicago and routinely preside over cases in which that City is a party without any suggestion that their residence requires their recusal. If residence in a

---

[1] The City has stated, without contradiction, that the attorney's fees in this particular case are being paid from the City's Water Fund and not from general revenues and that the articles McNally cites are erroneous in this respect.

2

municipality that is a party to litigation were a basis for recusal, it would render suspect a good many of the prior judgments of this Court, not to mention the day-to-day work of many state court judges who regularly hear cases involving municipalities in which they live or work.

McNally says, however, that more than mere residence is at issue here given the possibility of a multi-million dollar judgment against the City, and that as a result of this factor, the outcome of the litigation may have a financial impact on me as a taxpayer and/or my wife as a part-time Evanston employee.

I address first whether this poses a basis for recusal under §455(b)(4). Under that provision, if the judge's or family member's purported interest in the outcome "'is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality.'" *Hook v. McDade,* 89 F.3d 350, 356 (7th Cir. 1996) (quoting *In re Drexel Burnham Lambert Inc.,* 861 F.2d 1307, 1313 (2d Cir. 1988)). McNally's argument concerning the potential impact of this case on my wife's employment implies the following chain of inferences: if the City loses the case, it will be forced to pay a large judgment; if it is unable to cover this judgment out of existing revenues, it may have to cut its current budget; the cuts may come in funding for the Public Library; and that in turn may result in my wife's loss of her job. Several of the links in this chain are not only contingent but also highly speculative. I do not believe that any reasonable person would consider this hypothetical possibility as bringing my impartiality into question.

McNally's other argument concerns the potential effect of the case on me as an Evanston taxpayer. The chain of inferences implied by this argument is only slightly less speculative, and no less contingent, than the one concerning my wife's job. McNally cites no authority supporting

3

the proposition that a contingent possibility that one's taxes might be raised as an indirect result of a lawsuit is a basis for recusal. On my most recent property tax bill that contained a breakdown of the amounts attributable to the various taxing bodies (year 2000), I paid just over $1320 in property taxes to the City of Evanston. McNally has not suggested the level of hypothetical tax increase that conceivably could be necessitated by a significant judgment in its favor. But assuming for purposes of discussion that a 10% increase might be necessitated, a contingent and hypothetical detriment of that level, particularly one shared with a large number of other similarly situated persons, is not an interest sufficient to warrant disqualification. *See In re Virginia Electric and Power Co.*, 539 F.2d 357 (4th Cir. 1976) (possible gain of $70 to $100 – in 1976 dollars – based on outcome of case does not warrant recusal).

Section 455(a) requires disqualification if there is a reasonable basis for finding an appearance of partiality. *SCA Services, Inc. v. Morgan,* 557 F.2d 110, 116 (7th Cir. 1977). The question is whether an objective and disinterested observer, fully informed of the facts underlying the grounds on which recusal is sought, would entertain significant doubt that justice would be done in the case. *Union Carbide Corp. v. U.S. Cutting Service, Inc.,* 782 F.2d 710, 715 (7th Cir. 1986). There is no "duty to sit"; as the Seventh Circuit has stated, "a judge need not and should not decide close calls in favor of hearing the case." *New York City Housing Development Corp. v. Hart,* 796 F.2d 976, 980 (7th Cir. 1986) (per curiam). But by the same token, the fact that one party seeks recusal does not mandate it. A judge is "'obligated not to recuse himself without reason just as he is obligated to recuse himself when there is reason.' A judge who removes himself whenever a party asks is giving that party a free strike, and Congress rejected proposals (now in effect in some states) to allow each party to remove a judge at the party's

4

option." *Id.* at 981 (quoting *United States v. Baskes,* 687 F.2d 165, 170 (7th Cir. 1981)).

Under §455(a), the question is whether a reasonable person – defined as a "well-informed, thoughtful observer rather than ... a hypersensitive or unduly suspicious person" – would "perceive[ ] a significant risk that the judge will resolve the case on a basis other than the merits." *In re Mason,* 916 F.2d 384, 385-86 (7th Cir. 1990). The risk must be "substantially out of the ordinary": "[t]rivial risks are endemic, and if they were enough to require disqualification we would have a system of peremptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons. A thoughtful observer understands that putting disqualification in the hands of a party ... could introduce a bias into adjudication." *Id.* Having carefully considered McNally's arguments in favor of recusal, I do not believe that an "informed, thoughtful observer" would think that the hypothetical possibility of a local tax increase in the event of a verdict in McNally's favor poses a "significant risk" that I will resolve the case on some basis other than the merits. And the supposed risk relating to my wife's job is so speculative that it only barely qualifies as a basis for even a "trivial risk," which is not a basis for recusal under section 455(a).

## Conclusion

For the reasons stated above, the Court denies plaintiff's motion for recusal.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 26, 2002

5